1  MAIR, MAIR, SPADE & THOMPSON
   A Professional Corporation
2  Attorneys at Law
   238 A.F.C. Flores Street
3  Suite 801, DNA Building
   Hagåtña, Guam 96910
4  Telephone:    (671) 472-2089
   Facsimile:    (671) 477-5206
5
6  LAW OFFICES OF S. JOSHUA BERGER
   D'Torres Building, Garapan
7  P.O. Box 504340
   Saipan, MP 96950
8  Telephone:    (670) 235-8060
   Facsimile:    (670) 235-8070
9
   Attorneys for Defendant Robert Marc Weinberg
10
               IN THE UNITED STATES DISTRICT COURT
11               FOR THE NORTHERN MARIANA ISLANDS
12
   JOSEPH DLR GONZALES,            )    CIVIL CASE NO. 07-0026
13                                  )
            Plaintiff,             )
14                                  )    **CERTIFICATE OF**
            v.                     )    **COMPLIANCE IN SUPPORT OF**
15                                  )    **MOTION FOR PROTECTIVE**
   ROBERT MARC WEINBERG,          )    **ORDER**
16                                  )
            Defendant.            )    **Hearing: June 12, 2008**
17                                  )    **Time: _____**
                                   )
18
19        I, **RANDALL TODD THOMPSON**, do hereby declare and state as follows:
20        1.    I am over eighteen (18) years of age, legally competent to testify, and have
21  personal knowledge of the matters set forth herein, except those matters alleged upon information and
22  belief, which I believe to be true.
23

2.      I am a member of the bar of this Court and a principal in the law firm of Mair, Mair, Spade & Thompson; and as such am one of the attorneys responsible for the defense of Defendant Robert Marc Weinberg ("Weinberg"), in the above-captioned proceeding.

3.      On April 17, 2008 Plaintiff served Defendant with Plaintiff's Second Set of Interrogatories and Request for Production of Documents.

5.      A true and accurate copy of Plaintiff's Second Set of Interrogatories and Request for Production of Documents is hereby attached and marked as Exhibit "A".

6.      In said interrogatories and request for production of documents, Plaintiff seeks to exhaustively discover Defendant's financial condition.

7.      Defendant objects to the discovery of records, documentation, or otherwise disclosing any information regarding his financial condition.  This objection forms the basis for this discovery dispute and the corresponding motion for protective order.

8.      On May 12, 20008 the parties in this proceeding met to conduct a deposition of the Defendant.

9.      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 26.4 of the Local Rules of the United States District Court for the Northern Mariana Islands, in good faith, the parties met and conferred before said deposition in attempts to resolve the discovery dispute that is the basis for Defendant's Motion for Protective Order.

10.     The parties were unable to resolve the dispute, as they "agreed to disagree."

11.     The deposition proceeded in lieu of the dispute, and Plaintiff agreed not to ask any questions regarding the financial condition of Defendant with the expectation that the dispute would be addressed at a later date.

1       12.     Defendant has responded to all requests that do not require disclosure of

2   Defendant's financial condition.

3               Respectfully submitted this 16th day of May, 2008.

4

5                                   **MAIR, MAIR, SPADE & THOMPSON**
                                    A Professional Corporation
6                                   Attorneys for Defendant Robert Marc Weinberg

7

8                                   By_____
                                        RANDALL TODD THOMPSON
9

10

P088074.ARJ.wpd
11

12

13

14

15

16

17

18

19

20

21

22

1 DAVID G. BANES, Esq. (FO171)
 O'Connor Berman Dotts & Banes
2 Second Floor, Marianas Business Plaza
 P.O. Box 501969
3 Saipan, MP 96950
 Telephone No. (670) 234-5684
4 Facsimile No. (670) 234-5683

5 *Attorneys for Plaintiff Joseph DLR Gonzales*

6
   IN THE UNITED STATES DISTRICT COURT
7        FOR THE
    NORTHERN MARIANA ISLANDS
8

9 JOSEPH DLR GONZALES,   ) CIVIL CASE NO. 07-0026
          )
10   Plaintiff,    )
          )
11   vs.      ) PLAINTIFF'S SECOND SET OF
          ) INTERROGATORIES AND REQUEST
12 ROBERT MARC WEINBERG,  ) FOR PRODUCTION OF DOCUMENTS
          )
13          )
          )
14   Defendant.    )
          )
15          )
          )
16 _____)

17 TO:  ROBERT MARC WEINBERG AND HIS ATTORNEY OF RECORD

18

19   COMES NOW Plaintiff, by and through counsel, and makes the following discovery

20 requests of Defendant Robert Marc Weinberg. Pursuant to the Federal    Rules of   Civil

21 Procedure, you are requested to answer the following Interrogatory Requests  separately and in

22 writing and under oath, and return said answers and produce the requested documents for

23 copying and inspection within **thirty (30) days** at O'Connor Berman Dotts & Banes at the 2nd

24 Floor of the Marianas Business Plaza, Susupe, Saipan, MP 96950.

25

26

27            **EXHIBIT A**
28

### INSTRUCTIONS AND DEFINITIONS

1.      These DISCOVERY REQUESTS are to be deemed continuing and YOU and YOUR attorney are under a duty to supplement YOUR responses if YOU or any of YOUR employees, agents, or attorneys obtain additional information as to any of the matters inquired of herein. If in responding to these DISCOVERY REQUESTS YOU encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.   If for any reason additional space is necessary in answering any Interrogatory, complete the answers on an additional sheet bearing the same number as the number of the Interrogatory which is being answered.

2.      In responding to this or these DISCOVERY REQUEST(S), YOU must make a diligent search of YOUR records and other DOCUMENTS in YOUR possession or available to YOU, including information which is in the possession of YOUR attorneys, investigators for YOUR office, employees, representatives and agents. and not merely such information known to YOU or YOUR own personal knowledge.

3.      If any of these DISCOVERY REQUESTS has sub-parts, respond to each part separately and in full so that YOUR response is understandable. Do not limit YOUR response to the request as a whole.

4.      Each written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to,

3408-01-080416-PL-2ndROGS-mbc

1  in which event the reasons for objection shall be stated.  If the objection is made to a part of an

2  item or category, the part shall be specified.

3

4      5.      If YOU, as well as YOUR officers, agents, employees and attorneys discover

5  additional information as to matters inquired of in these interrogatories, between the time

6

7  answers are made and the date of trial, supplemental answers shall be made informing the offices

8  of O'Connor Berman Dotts & Banes at the address and telephone number listed on page 1 of

9  these DISCOVERY REQUESTS as to the newly discovered information.

10

11     6.      When YOU are asked to state the facts RELATING TO an allegation in any

12  pleading, please DESCRIBE IN DETAIL, as defined herein, the relevant facts including but not

13

14  limited to the date, time and specific location of each occurrence, and IDENTIFY, as defined

15  herein, each and every person(s) and/or entity who is a witness and any related documents.

16

17     7.      If any of the Interrogatories cannot be answered in full, please answer to the

18  extent possible, specifying the reasons for YOUR inability to answer the remainder and stating

19  whatever information or knowledge YOU have concerning the unanswered portion.

20

21

22     8.      For each response to these DISCOVERY REQUESTS that is withheld under a

23  claim of privilege or work product immunity, provide a statement under oath by a person having

24  knowledge setting forth as to each document or portion withheld:

25          a.      The number and subject of each paragraph of this request that seeks its

26                  production;

27

28

3
3408-01-080416-PL-2ndROGS-mbc

b. The name and title of the author(s);

c. The name and title of each person to whom the document was addressed;

d. The name and title of each person to whom a copy of the document was sent;

e. The date of the document;

f. The number of pages;

g. A brief description of the nature and subject matter of the document;

h. The identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

i. The exact location of the original and each copy as of the date of receipt of this request; and

j. If the document is withheld on any ground other than privilege, each basis that YOU contend justifies its withholding.

9. Throughout these DISCOVERY REQUESTS, including the definition of terms, words used in the singular include the plural. Whenever the word "or" appears herein, the meaning intended is the logical inclusive "or", i.e. "and/or". Whenever the word "each" appears herein, the meaning intended is "each and every".

10. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a natural person means that YOU are required to state the following information:

a. the name of the person;

b.   his or her current business affiliation, title, and professional designation (e.g., C.P.A., Ph. D., ESQ., M.D., R.N., L.V.N.) and if different, at the time of the incident, event, or generation of a document;

c.   business affiliation, address, title and professional designation with respect to the business, organization, or entity with which he or she was associated at the time of the OCCURRENCE;

d.   the street address, country, state and country of the PERSON's current residence;

e.   the current "home" or residential telephone number of the person;

f.   the current or last known employer, job title, business address and business telephone number of the PERSON;

g.   the name and telephone number of his or her employer, if known; and any family, social, recreational, professional, or employment relationship you have with the PERSON; and

h.   with respect to the PERSONS who were formerly employed by YOU, the last date such employment and the PERSON's job title and business address on that date.

11.   "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to any entity other than a natural person means that YOU are required to state the following information:

a.   the entity's full name; and

b.    the address of the entity's principal place of business, and each of its other

places of business or business facilities.

12.    When YOU are asked to "IDENTIFY a DOCUMENT," provide all the following

information known to you:

a.    Date it was prepared;

b.    Identities of its preparer;

c.    Identities of its recipients;

d.    Current location and custodian; and

e.    Description of contents, sufficient for a motion to    produce.

•

13.    "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a

COMMUNICATION, means that YOU are required to state: the names of the persons

participating in the COMMUNICATION or present when the COMMUNICATION took place,

the exact, detailed, content of the COMMUNICATION, the building or other specific place in

which the PERSONS participating in the COMMUNICATION were located at the time of the

COMMUNICATION, the mode or method by which the COMMUNICATION occurred (e.g.

telephone, in person, via e-mail etc.), and the date on which the COMMUNICATION occurred.

14.    When any of the DISCOVERY REQUESTS are answered by any such of YOUR

officers, employees, servants and attorneys as are cognizant of the facts or opinions, then

IDENTIFY each person who assisted or participated in preparing and/or supplying any of the

information given in answer to or relied upon in preparing answers to these DISCOVERY REQUESTS.

15.    Please state whether the information furnished is within the personal knowledge of the person answering and, if not, the identity, if known, of each person of whom the information is a matter of personal knowledge.

16.    Where knowledge of information is requested, such request includes the knowledge of information of YOU as well as YOUR officers, agents, employees and attorneys. If more than one person is listed in answer to an interrogatory, each subsequent answer must identify which person supplied that answer and all persons so listed must sign the answers under oath.

17.    If any of the DISCOVERY REQUESTS cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

18.    The term "DOCUMENT" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, agreements, communications, state and Federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, IM, instant messages, e-mail or related computer generated messages, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports of

consultants, photographs, motion picture, film, brochure, pamphlets, advertisements, circular, press releases, drafts, letters, any marginal comments appearing on any documents and all other writings.

19.    "YOU" and "YOUR" include the person(s) to whom these requests are addressed, and all of such person's predecessors, successors, assigns, agents, employees, attorneys, and insurance companies, and each of them, and all other persons acting or purporting to act on behalf of YOU.

20.    "PERSON" includes any natural person, firm, association, organization, partnership, business, trust, corporation, public entity or other form of legal entity.

21.    "WRITING" means handwriting, typewriting, word processing, printing, photostating, photographing and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combination thereof.

22.    "RELATING", "RELATIVE TO" or "RELATED TO" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

23.    "RELEVANT" is defined under the FEDERAL Rules of Evidence and that definition is incorporated herein.    Please note that information can be relevant without necessarily being admissible.

24.    "COMMUNICATION" means the transmission, interchange, or exchange of thoughts, ideas, messages or information, by speech, signals, writing, code, satellite, computer, letter (or other form of correspondence), memoranda, telecopy, telex, e-mail, IM, telephone, telegram, voice mail, face-to-face communication, or any other mode or method of transmission regardless of format.    Under this definition, "COMMUNICATION" may have been contained, obtained or transmitted in any format, including but not limited to any DOCUMENT as defined herein or any subpart or portion thereof.

25. When asked to "DESCRIBE IN DETAIL" an event or occurrence or particular subject, YOU are asked to do more than merely state a conclusion.    YOU are being asked, among other things, to state the particular facts that YOU intend to submit through witnesses or DOCUMENTS at trial on the subject matter contained in the question.    Among other things, YOU are being asked to IDENTIFY all COMMUNICATIONS REGARDING the event, occurrence or subject and state what action YOU took RELATED TO the event, occurrence or subject, the date(s) YOU took such action, and the reason YOU took such action.    YOU are asked to state all of the facts that support YOUR conclusions, answering who was involved, what happened with respect to the subject, why YOU believe it happened, where it happened, and how it happened.

26. When asked to state "ALL FACTS" pertaining to a particular subject YOU are asked to do much more than merely state conclusions. YOU are asked to DESCRIBE IN DETAIL as defined herein who was involved or present when the facts occurred, what they or YOU did, why YOU or they acted as YOU or they did, how this situation came about and where YOU or the third PERSON were when the facts occurred. YOU are asked to state specifically all facts that support YOUR claims or beliefs, not conclusions. If YOU claim that something occurred, please state why YOU believe it occurred, why YOU acted as YOU did, what happened to make you act the way YOU did, and IDENTIFY the PERSON who caused YOU to act the way YOU did.

27. "PLAINTIFF" refers to Joseph DLR Gonzales.

28. "OCCURRENCE" refers to the event described in paragraphs 6 through 10 of the Complaint in the above-entitled action.

29. "YOUR VEHICLE" refers to the vehicle Mr. Weinberg was driving at the time of the OCCURRENCE.

30. "ILLNESS" or "INJURY" refers to any illness, physical injury, disease, syndrome, symptom, sickness, malady, virus, infections, or disability, either physical, mental or emotional.

31.    Unless otherwise stated, the relevant time period is from January 1, 2005 to the present.

32.     Each of these definitions and instructions is hereby incorporated into each of the Interrogatories and Requests to Produce to which it pertains.


## INTERROGATORIES[1]


**Interrogatory No. 20:** Please DESCRIBE IN DETAIL YOUR gross and net income for the following time periods:

  a. The calendar year ending December 31, 2003

  b. The calendar year ending December 31, 2004

  c. The calendar year ending December 31, 2005

  d. The calendar year ending December 31, 2006

  e. The calendar year ending December 31, 2007

  f. Your income as of today's date.


**Interrogatory No. 21:** Please DESCRIBE IN DETAIL all assets, including but not limited to personal and real property, savings, checking and other bank, or savings and loan accounts, time deposits, shares of stocks, interest in mutual funds, pension or retirement funds, vehicles, boats, jewelry, bonds, loans or any other thing that has value, YOU had any ownership interest in either directly or through nominee as of:

  a. December 31, 2003

  b. December 31, 2004

  c. December 31, 2005

---

[1] Note, all terms in capitals as well as the terms "DOCUMENTS", "YOU" and "YOUR" are defined terms. *See* Definitions, *supra.*

       d.     December 31, 2006

       e.     December 31, 2007

       f.     As of today's date.

**Interrogatory No. 22:** Please IDENTIFY ALL DOCUMENTS that reflect, evidence, show or are otherwise RELEVANT TO the assets and income described in the preceding interrogatories.

## DOCUMENT REQUEST

**Document Request No. 1:** All DOCUMENTS YOU identified or described in the above Interrogatories.

**Document Request No. 2:** All DOCUMENTS YOU referred to or consulted in order to respond to the above Interrogatories.

**Document Request No. 3:** All DOCUMENTS RELATING TO or evidencing YOUR income, both earned and unearned for the years 2004 through today's date inclusive.

**Document Request No. 4:** All copies of YOUR federal, state, territory or Commonwealth or other jurisdiction income tax returns filed by YOU for years 2004 through today's date inclusive, together with all attachments and schedules.

**Document Request No. 5:** All DOCUMENTS RELATING to or evidencing YOUR employment or career history.

**Document Request No. 6:** All DOCUMENTS including but not limited to medical records, photographs, police reports, measurements, charts or any other material which YOU sent, mailed, emailed, or delivered to any witness or PERSON, expert or otherwise, for any purpose including but not limited to, for review and/or analysis, RELATING to the OCCURRENCE and/or this lawsuit.

## REQUEST FOR ADMISSION

**Request for Admission No. 1:** Please admit YOU were attempting or were in fact lighting a cigarette just prior to the OCCURRENCE.

**Document Request No. 7:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 2:** Please admit YOU told Plaintiff that YOU were attempting to light a cigarette just prior to the OCCURRENCE.

**Document Request No. 8:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 3:**  Please admit YOU told Plaintiff the OCCURRENCE was YOUR fault.

**Document Request No. 9:**  If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 4:**  Please admit that YOUR vehicle crossed over into Plaintiff's right of way.

**Document Request No. 10:**  If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 5:**  Please admit that YOU are at fault for the OCCURRENCE.

**Document Request No. 11:**  If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 6:**  Please admit that YOU have no witnesses other than yourself that agree with YOUR version of how the OCCURRENCE happened.

**Document Request No. 12:**  If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

3408-01-080416-PL-2ndROGS-mbc

**Request for Admission No. 7:** Please admit that YOU have no DOCUMENT that supports YOUR version of how the OCCURRENCE happened.

**Document Request No. 13:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 8:** Please admit that the author or signer of the Traffic Crash Report (attached) concluded you violated 9 CMC § 5301.

**Document Request No. 14:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 9:** Please admit Dr. Hutchison concluded Plaintiff suffers from migraine headaches as a result of the OCCURRENCE.

**Document Request No. 15:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 10:** Please admit Dr. Hutchison concluded Plaintiff suffers from phobia as a result of the OCCURRENCE.

**Document Request No. 16:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 11:** Please admit Dr. Hocog concluded that Plaintiff "suffers from post concussion syndrome with headache and dizziness".

**Document Request No. 17:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 12:** Please admit Dr. Hocog concluded that Plaintiff "has hypertension over the skull that was directly traumatized".

**Document Request No. 18:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 13:** Please admit Dr. Hocog concluded that Plaintiff "suffers from recurrent anxiety and depression as a result of the accident".

**Document Request No. 18:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

**Request for Admission No. 14:** Please admit Plaintiff has a scar on top of his head.

**Document Request No. 18:** If YOU deny this Request, please produce all DOCUMENTS YOU believe supports YOUR denial.

1

2      Date:  April 16, 2008.

3                                              O'CONNOR BERMAN DOTTS & BANES
                                               *Attorneys for Plaintiff Joseph Gonzales*
4

5

6                                              By: _____
                                                        DAVID G. BANES
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
*Department of Public Safety*

## TRAFFIC CRASH REPORT

PAGE 1 OF.

| SPECIAL CONDITIONS | NUMBER INJURED | HIT & RUN FELONY | CITY | | DISTRICT | LOCAL REPORT NUMBER |
|---|---|---|---|---|---|---|
| NONE | 1 | 0 | SAIPAN | | | CASE #07-5346 |
| | NUMBER KILLED | HIT & RUN MISDEMEANOR | COUNTY | REPORTING DISTRICT | BEAT | AUTO AUTO |
| | 0 | 0 | PAPASO | | 5 | |

**LOCATION**

CRASHED OCCURED ON
ALONG ISA DR. BY AHGABA DR.

MILEPOST          FEET/MILES          OF

☐ AT INTERSECTION WITH

          FEET/MILES          OF

| MO. DAY YEAR | TIME (2400) | NCIC # | OFFICER I.D. |
|---|---|---|---|
| 5·30·07 | 1717HRS | | CELIS P |
| DAY OF WEEK | TOW AWAY | | PHOTOGRAPHS BY: (NONE) |
| S M T (W) T F S | (YES) NO | | |
| TYPE OF CRASH | | | |
| ☒ TRAFFIC ☐ NON-TRAFFIC | | | |

**PARTY 1**

| DRIVER'S LICENSE NUMBER | STATE | CLASS | SAFETY | VEH. YEAR | MAKE/MODEL/COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|
| 0053·91 | MP | | | 96 | Toyo· COROLLA· AYT | ABN·431 | MP |

☒ DRIVER  NAME (FIRST, MIDDLE, LAST)
Joe Delos Reyes Gonzales

☐ PEDES TRIAN  STREET ADDRESS
Box # 500733 · KAGMAN

☐ VEHICLE  CITY/STATE/ZIP
SAIPAN  MP  96950

☐ BICY CLIST

| SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE | RACE |
|---|---|---|---|---|---|---|
| M | BLK | BRO | 5'4" | 175 | 5·4·72 | CHAM |

☐ OTHER  HOME PHONE
256·8255          BUSINESS PHONE
664·6000

INSURANCE CARRIER
Marianas Ins. #30·3618·06          POLICY NUMBER

DIR OF TRAVEL ON STREET OR HIGHWAY
NORTH  SOUTHOF ISA DR.          SPEED LIMIT

OWNER'S NAME  ☐ SAME AS DRIVER
SABLAN, MIGUEL E.

OWNER'S ADDRESS  ☐ SAME AS DRIVER
Box #500131 · NAVY HILL

DISPOSITION OF VEHICLE ON ORDERS OF:  OFFICER  DRIVER (OTHER)
TOWED TO B4R BY FRANKIE'S TOWING

PRIOR MECHANICAL DEFECTS  (NONE APPARENT)  REFER TO NARRATIVE

VEHICLE IDENTIFICATION NUMBER:

DESCRIBE VEHICLE DAMAGE          SHADE IN DAMAGED AREA
☐ UNK ☐ NONE ☐ MINOR
☒ MOD. ☐ MAJOR ☐ ROLLOVER

**PARTY 2**

| DRIVER'S LICENSE NUMBER | STATE | CLASS | SAFETY | VEH. YEAR | MAKE/MODEL/COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|
| 0283·2006 | MP | | | 20 | HYND·SANTAFE·BEIGE | ABZ·029 | MP |

☒ DRIVER  NAME (FIRST, MIDDLE, LAST)
Robert Marc Hohnberg WEINBERG

☐ PEDES TRIAN  STREET ADDRESS
CALLER BOX 10007 · SAN VICENTE

☐ VEHICLE  CITY/STATE/ZIP
SAIPAN  MP  96950

☐ BICY CLIST

| SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE | RACE |
|---|---|---|---|---|---|---|
| M | BLK | BRO | 5'8" | 145 | 10·13·59 | CAUCA |

☐ OTHER  HOME PHONE
483·3399          BUSINESS PHONE
664·2366

INSURANCE CARRIER
USAA CASUALTY INS. # 00231·20·31C·7103          POLICY NUMBER

DIR OF TRAVEL ON STREET OR HIGHWAY
SOUTH  ISA DR.          SPEED LIMIT

OWNER'S NAME  ☒ SAME AS DRIVER

OWNER'S ADDRESS  ☒ SAME AS DRIVER

DISPOSITION OF VEHICLE ON ORDERS OF:  OFFICER  DRIVER (OTHER)
TOWED BY ROADSIDE TOWING TO COLLISION AUTO

PRIOR MECHANICAL DEFECTS  (NONE APPARENT)  REFER TO NARRATIVE

VEHICLE IDENTIFICATION NUMBER:

DESCRIBE VEHICLE DAMAGE          SHADE IN DAMAGED AREA
☐ UNK ☐ NONE ☐ MINOR
☐ MOD. ☒ MAJOR ☐ ROLLOVER

**PARTY 3**

| DRIVER'S LICENSE NUMBER | STATE | CLASS | SAFETY | VEH. YEAR | MAKE/MODEL/COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

☐ DRIVER  NAME (FIRST, MIDDLE, LAST)

☐ PEDES TRIAN  STREET ADDRESS

☐ VEHICLE  CITY/STATE/ZIP

☐ BICY CLIST

| SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE | RACE |
|---|---|---|---|---|---|---|
| | | | | | | |

☐ OTHER  HOME PHONE          BUSINESS PHONE

INSURANCE CARRIER          POLICY NUMBER

DIR OF TRAVEL ON STREET OR HIGHWAY          SPEED LIMIT

OWNER'S NAME  ☐ SAME AS DRIVER

OWNER'S ADDRESS  ☐ SAME AS DRIVER

DISPOSITION OF VEHICLE ON ORDERS OF:  OFFICER  DRIVER  OTHER
BMV / Records & Firearms

PRIOR MECHANICAL DEFECTS  NONE APPARENT  REFER TO NARRATIVE

VEHICLE IDENTIFICATION NUMBER:

DESCRIBE VEHICLE DAMAGE          SHADE IN DAMAGED AREA
☐ UNK ☐ NONE ☐ MINOR  Issued By
☐ MOD. ☐ MAJOR ☐ ROLLOVER
Date Issued:

| PREPARER'S NAME | DISPATCH NOTIFIED | | REVIEWER'S NAME | DATE REVIEWED |
|---|---|---|---|---|
| POI R. Celis Jr | ☒ YES ☐ NO ☐ N/A | | Sgt. Joseph Flores | 6·1·07 |

White - DPS Record    Pink - Traffic    Yellow - AG




*PAGE 2 OF*

| DATE OF CRASH (MO. DAY YEAR) | TIME (2400) | NCIC # | | OFFICER I.D. | NUMBER |
|---|---|---|---|---|---|
| 5-30-07 | 1717 HRS | | | CELISR | 07-5346 |

| PROPERTY DAMAGE | OWNER'S NAME | | OWNER'S ADDRESS | | NOTIFIED |
|---|---|---|---|---|---|
| | None | | | | ☐ YES ☐ NO |
| | DESCRIPTION OF DAMAGE | | | | |

### SEATING POSITION

1 - DRIVER
2 TO 6 - PASSENGER
7 - STATION WAGON REAR
8 - REAR OCC. TRK OR VAN
9 - POSITION UNKNOWN
0 - OTHER

### SAFETY EQUIPMENT

**OCCUPANTS**
**HELMETS**
A- NONE IN VEHICLE
B- UNKNOWN
C- LAP BELT USED
D- LAP BELT NOT USED
E- SHOULDER HARNESS USED
F- SHOULDER HARNESS NOT USED
G- LAP/SHOULDER HARNESS USED)
H- LAP/SHOULDER HARNESS NOT USED
J- PASSIVE RESTRAINT USED
K- PASSIVE RESTRAINT NOT USED

L- AIR BAG DEPLOYED
M- AIR BAG NOT DEPLOYED
N- OTHER
P- NOT REQUIRED

**CHILD RESTRAINT**
Q- IN VEHICLE USED
R- IN VEHICLE NOT USED
S- IN VEHICLE USE UNKNOWN
T- IN VEHICLE IMPROPER USE

M/C BICYCLE

DRIVER
V- NO
W- YES

PASSENGER
X- NO
Y- YES

### EJECTED FROM VEHICLE

0- NOT EJECTED
1- FULLY EJECTED
2- PARTIALLY EJECTED
3- UNKNOWN

**ITEMS MARKED BELOW FOLLOWED BY AN ASTERISK (*) SHOULD BE EXPLAINED IN THE NARRATIVE**

| PRIMARY COLLISION FACTOR LIST NUMBER (#) OF PARTY AT FAULT | TRAFFIC CONTROL DEVICES | 1 | 2 | 3 | TYPE OF VEHICLE | 1 | 2 | 3 | MOVEMENT PRECEDING COLLISION |
|---|---|---|---|---|---|---|---|---|---|
| A VC SECTION VIOLATED CITED ☐YES ☐NO  2  9CMC5301 | A CONTROLS FUNCTIONING | X | X | | A PASSENGER CAR / STATION WAGON | | | | A STOPPED |
| | B CONTROLS NOT FUNCTIONING | | | | B PASSENGER CAR W / TRAILER | X | X | | B PROCEEDING STRAIGHT |
| B OTHER IMPROPER DRIVING | C CONTROLS OBSCURED | | | | C MOTORCYCLE / SCOOTER | | | | C RAN OFF ROAD |
| | D NO CONTROLS PRESENT / FACTOR | X | | | D PICKUP OR PANEL TRUCK | | | | D MAKING RIGHT TURN |
| C OTHER THAN DRIVER | TYPE OF COLLISION | | | | E PICKUP / PANEL TRUCK W/ TRAILER | | | | E MAKING LEFT TURN |
| D UNKNOWN* | A HEAD - ON | | | | F SCHOOL BUS | | | | F MAKING U TURN |
| E FELL ASLEEP | B SIDE SWIPE | | | | G OTHER BUS | | | | G BACKING |
| | C REAR END - | | | | H EMERGENCY VEHICLE | | | | H SLOWING / STOPPING |
| WEATHER (MARK 1 TO 2 ITEMS) | D BROADSIDE | X | | | I HIGHWAY CONST. EQUIPMENT | | | | I PASSING VEHICLE |
| X A CLEAR | E HIT OBJECT | | | | J BICYCLE | | | | J CHANGING LANES |
| B CLOUDY | F OVERTURNED | | | | K OTHER VEHICLE | | | | K PARKING MANEUVER |
| C RAINING | G VEHICLE / PEDESTRIAN | | | | L PEDESTRIAN | | | | L ENTERING TRAFFIC |
| D FOG / VISIBILITY     FT | H OTHER* | | | | M MOPED | | | | M OTHER UNSAFE TURNING |
| E OTHER | | | | | | | | | N XING INTO OPPOSING LANE |
| F WIND | MOTOR VEHICLE INVOLVED WITH | | | | | | | | O PARKED |
| | A NON - COLLISION | | | | | | | | P MERGING |
| LIGHTING | B PEDESTRIAN | | | | OTHER ASSOCIATED FACTORS (S) | 1 | 2 | 3 | Q TRAVELING WRONG WAY |
| X A DAYLIGHT | C OTHER MOTOR VEHICLE | X | | | | | | | R OTHER |
| B DUSK - DAWN | D MOTOR VEHICLE ON OTHER ROADWAY | | | | A VC SECTION VIOLATED CITED ☐YES ☐NO | | | | |
| C DARK - STREET LIGHTS | E PARKED MOTOR VEHICLE | | | | | | | | |
| D DARK - NO STREET LIGHTS NOT | F BICYCLE | | | | B VC SECTION VIOLATED CITED ☐YES ☐NO | 1 | 2 | 3 | SOBRIETY - DRUG |
| E DARK - STREET LIGHTS NOT FUNCTIONING | G ANIMAL | | | | C VC SECTION VIOLATED CITED ☐YES ☐NO | X | X | | PHYSICAL (MARK 1 TO 2 ITEMS) |
| ROADWAY SURFACE | | | | | D | | | | A HAD NOT BEEN DRINKING |
| X A DRY | H FIXED OBJECT | | | | E VISION OBSCUREMENT | | | | B HBD-UNDER INFLUENCE |
| B WET | | | | | F INATTENTION* | | X | | C HBD-NOT UNDER INFLUENCE |
| C SLIPPERY (MUDDY, OILY, ETC.) | I OTHER OBJECT | | | | G STOP & GO TRAFFIC | | | | D HBD-IMPAIRMENT UNKNOWN |
| D ROAD WIDTH | | | | | H | | | | E HBD - LOW BAC |
| E NUMBER OF LANE | PEDESTRIAN'S ACTION | | | | I PREVIOUS COLLISION | | | | F UNDER DRUG INFLUENCE* |
| ROADWAY CONDITION(S) (MARK 1 TO 3 ITEMS) | X A NO PEDESTRIANS INVOLVED | | | | J UNFAMILIAR WITH ROAD | | | | G IMPAIRMENT - PHYSICAL* |
| A HOLES, DEEP RUT* | B CROSSING IN CROSSWALK AT INTERSECTION | | | | K DEFECTIVE VEH EQUIP: CITED | | | | H IMPAIRMENT NOT KNOWN |
| B LOOSE MATERIAL ON ROADWAY* | | | | | | | | | I NOT APPLICABLE |
| C OBSTRUCTION ON ROADWAY* | C CROSSING IN CROSSWALK - NOT AT INTERSECTION | | | | ☐YES ☐NO | | | | J SLEEPY/FATIGUED |
| D CONSTRUCTION - REPAIR ZONE | | | | | | | | | SPECIAL INFORMATION |
| E REDUCED ROADWAY WIDTH | D CROSSING - NOT IN CROSSWALK | | | | L UNINVOLVED VEHICLE | | | | A HAZARDOUS MATERIAL |
| F FLOODED* | E IN ROAD - INCLUDED SHOULDER | | | | M OTHER* | | | | |
| G OTHER* | F NOT IN ROAD | | X | | N NONE APPARENT | | | | |
| X H NO UNUSUAL CONDITIONS | G APPROACHING | | | | O RUNAWAY VEHICLE | | | | |

### SKETCH

AHGAGA DR.

INDICATE NORTH

ISA DR.

VEH #1

**MISCELLANEOUS**
- VEH #2 MOVED OFF ORIGINAL CRASH POSITION. NO SKETC. MADE.

00058




**TRAFFIC CRASH REPORT**
**INJURED / WITNESS / PASSENGERS**
**SUPPLEMENTAL FORM**

Page 3 of 3

| DATE OF CRASH (MO DAY YEAR) | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 5·30·07 | 1717HRS | | CELISR | 07·5346 |

| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | EXTENT OF INJURY (*X* ONE) | | | | | INJURED WAS (*X* ONE) | | | | | PARTY NUMBER | SEAT POS. | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FATAL INJURY | SEVERE INJURY | OTHER VISIBLE INJURY | COMPLAINT OF PAIN | | DRIVER | PASS. | PED. | BICYCLIST | OTHER | | | | |
| □ | | 34 | M | □ | □ | ☒ | □ | | ☒ | □ | □ | □ | □ | 1 | 1 | G | O |

NAME/D O B/ADDRESS: JOE DELOS REYES GONZALES    5·4·73    KOBLERVILLE    TELEPHONE: 256·8255

(INJURED ONLY) TRANSPORTED BY: Pd DPd DPS MEDICS    TAKEN TO: COMMONWEALTH HEALTH CENTER

DESCRIBE INJURIES: SCRATCH ON LEFT FOREARM AND LACERATION ON THE BACK OF HEAD. SEE MEDICAL REPORT FOR FURTHER.

□ VICTIM OF VIOLENT CRIME NOTIFIED

| ☒ | □ | | | □ | □ | □ | □ | □ | □ | □ | □ | □ | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME/D O B/ADDRESS:                                                               TELEPHONE:

(INJURED ONLY) TRANSPORTED BY:                   TAKEN TO:

DESCRIBE INJURIES:

□ VICTIM OF VIOLENT CRIME NOTIFIED

| □ | □ | | | □ | □ | □ | □ | □ | □ | □ | □ | □ | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME/D O B/ADDRESS:                                                               TELEPHONE:

(INJURED ONLY) TRANSPORTED BY:                   TAKEN TO:

DESCRIBE INJURIES:

□ VICTIM OF VIOLENT CRIME NOTIFIED

| □ | □ | | | □ | □ | □ | □ | □ | □ | □ | □ | □ | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME/D O B/ADDRESS:                                                               TELEPHONE:

(INJURED ONLY) TRANSPORTED BY:                   TAKEN TO:

DESCRIBE INJURIES:

□ VICTIM OF VIOLENT CRIME NOTIFIED

| □ | □ | | | □ | □ | □ | □ | □ | □ | □ | □ | □ | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME/D O B/ADDRESS:                                                               TELEPHONE:

COPY
BMV/Records & Firearms
Dept. of Public Safety
Mariana Island
Saipan, MP
Issued By
Date Issued

(INJURED ONLY) TRANSPORTED BY:                   TAKEN TO:

DESCRIBE INJURIES:

□ VICTIM OF VIOLENT CRIME NOTIFIED

| □ | □ | | | □ | □ | □ | □ | □ | □ | □ | □ | □ | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME/D O B/ADDRESS:                                                               TELEPHONE:

(INJURED ONLY) TRANSPORTED BY:                   TAKEN TO:

DESCRIBE INJURIES:

00059

□ VICTIM OF VIOLENT CRIME NOTIFIED

| PREPARER'S NAME | I.D. NUMBER | MO. DAY YEAR | REVIEWER'S NAME | MO. DAY YEAR |
|---|---|---|---|---|
| PO1 R. CELIST | CELISR | 5·30·07 | SF7 J. OSORN J. FLORES | 6·7·07 |