MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910
Telephone:   (671) 472-2089
Facsimile:   (671) 477-5206

LAW OFFICES OF S. JOSHUA BERGER
D'Torres Building, Garapan
P.O. Box 504340
Saipan, MP 96950
Telephone:   (670) 235-8060
Facsimile:   (670) 235-8070

Attorneys for Robert Marc Weinberg

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOSEPH DLR GONZALES,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERT MARC WEINBERG,<br><br>                    Defendant. | CIVIL CASE NO. 07-0026<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Hearing: June 12, 2008<br>Time: _____ |

## INTRODUCTION

This memorandum supports Defendant Robert Marc Weinberg's motion for protective order, pursuant to Federal R. Civ. P. 26(c), to protect him from annoyance, embarrassment, oppression, or undue burden or expense in providing documentation of his financial condition, as it is not relevant at this juncture of these proceedings.

## RELEVANT FACTS

This is a relatively simple automobile accident case, presented to this Court based on a claim of diversity of citizenship jurisdiction. *See* First Amended Complaint and Demand for Jury Trial

1  ("Complaint") (August 16, 2007) at ¶¶ 1-7. The Complaint requests punitive damages, but does so based
2  solely on the conclusory allegation that the accident was the result of the Defendant Robert M. Weinberg's
3  ("Defendant") alleged "deliberate disregard and reckless indifference to the safety of others." *Complaint*
4  at ¶9.

5  In his Second Set of Interrogatories and Request to Produce Documents submitted on April
6  17, 2008, Plaintiff requests Defendant describe in detail his gross and net income from 2003 until present,
7  provide documentation evidencing his income earned and unearned for the years 2004 through the present,
8  and describe and provide documentation of all of his assets. *Plaintiff's Second Set of Interrogatories and*
9  *Request for Production of Documents ("Interrogatories")*, at pg. 11-12.

10  Defendants have responded to the Interrogatories generally, but they objected to discovery
11  inquires calling for disclosure of financial information from the Defendant, indicating that they would move
12  this Court for an appropriate protective order relieving them of the obligation to respond to such discovery
13  unless and until Plaintiff makes out a *prima facie* case for punitive damages. Likewise, Defendant appeared
14  for and answered numerous questions at his deposition on May 12, 2008. However, upon instruction of
15  counsel, Defendant declined to respond to questions concerning his financial information pending resolution
16  of the instant motion for protective order. The parties have "agreed to disagree" over the matter of financial
17  discovery, pending the outcome of the instant motion.

18  **LEGAL DISCUSSION**

19  **A PROTECTIVE ORDER IS APPROPRIATE**
**BASED ON SEVERAL GROUNDS**

20  **A.**    **A Protective Order is Proper to Limit the Scope of Discovery**

21  Rule 26(c) affords parties protection from discovery conducted contrary to the Rules of Civil Procedure.
22  The Rule reads as follows:
23

(c) Protective Orders.

**(1) In General.**

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

As indicated in the Rule, the Court is authorized to issue an appropriate order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." As we shall see below, a protective order is the appropriate remedy for protecting the Defendant from the harm posed by

disclosure of his financial records prior to any indication that this is an appropriate case entitling the Plaintiff to a punitive damages award.

### B. Plaintiff Should be Required to Make a *Prima Facie* Showing of Entitlement to Punitive Damages

While there is no uniform federal rule on the matter, numerous state courts have held that a Plaintiff is generally not entitled to receive or obtain evidence of the Defendant's financial condition unless a *prima facie* showing is first made that the Defendant is liable to Plaintiff for punitive damages.

One of the leading cases in this area is the Wyoming Supreme Court's ruling in the case Campen v. Stone, 635 P.2d 1121, 32 A.L.R.4th 410 (Wyo. 1981). The Campen court outlined the problem of wealth discovery for punitive damages purposes as follows:

> Evidence of wealth is irrelevant and prejudicial in most instances, but has generally been allowed when a question of punitive damages has been raised. This provides an obvious way to circumvent the import of Eagan, *supra*, when a wealthy defendant is involved. Plaintiffs merely need to claim they are entitled to punitive damages. Not only may the evidence of wealth affect the determination of whether punitive damages should be awarded, but it may further encourage compensatory damages to be based upon the defendant's ability to pay.

Campen v. Stone, 635 P.2d at 1128.

The court then promulgated a suitable approach for dealing with these concerns while still enabling plaintiffs to obtain the requisite wealth discovery in appropriate cases. The court said:

> In summary, then, we adopt the following approach and procedure for the discovery and presentation of evidence of financial status of a defendant when punitive damages are sought:
>
> 1. The plaintiff may claim in his complaint a right to punitive damages and then seek pretrial discovery of a defendant's wealth.

4

> **2. Defendant may move for a protective order requiring the plaintiff to make a *prima facie* showing to the trial court that a viable issue exists for punitive damages. Upon such a showing, the pretrial discovery would be allowed.**
>
> 3. At trial, if evidence is produced making a *prima facie* case of punitive damages, the verdict form will make provision for compensatory damages and further ask the jury whether punitive damages should or should not be awarded. However, no provision would be made for the jury to determine the amount of punitive damages to be awarded at that point.
>
> 4. If the jury finds that punitive damages should be awarded, it then hears evidence of the defendant's financial status and returns a separate verdict setting the award of punitive damages.

635 P.2d at 1132 (emphasis added).

The Wyoming Supreme Court's opinion in Campen was published in *American Law Reports* as the lead case in an annotation discussing the subject matter. See 32 ALR 4th 410. The Campen case presents a particularly attractive model for courts sitting in the Commonwealth because Wyoming, like the Commonwealth, applies the *Restatements of the Law* with respect to the imposition of punitive damages. See Campen, 635 P.2d at 1125 (adopting *Restatement* approach in determining when an employer may be held liable for punitive damages).

Other courts have subsequently adopted procedures similar to those promulgated in Campen. See Hoekstra v. Farm Bureau Mutual Insurance Co., 382 N.W.2d 100, 110 (Iowa 1986), *citing* Annot. 32 A.L.R. 4th 432 (2004) (discussing the necessity of determining or showing liability for punitive damages before evidence of defendant's net worth is admitted.); Palmisano v. Toth, 624 A.2d 314 (R.I. 1993) (Defendant's right to privacy is protected by requiring a plaintiff to first make a *prima facie* showing that a viable issue exists for awarding punitive damages.); Wilson v Gillis Advertising Co.,145 FRD 578 (N.D. Ala. 1993)(holding that evidence of defendant's financial condition was discoverable only after

determination by jury of liability for punitive damages recoverable in Civil Rights action and after determination of liability and assessment of punitive damages, if any, on state claim).

Other jurisdiction have enacted statutes which effectively impose this *prima facie* showing requirement. *See, e.g.,* Jabro v. Superior Court, 95 Cal.App.4th 754, 115 Cal.Rptr.2d 843, 845-56 (Cal. App. 4th 2002) (vacating trial court's order granting discovery of a party's financial condition before a statutory *prima facie* showing of entitlement to punitive damages was made). However, many of those same jurisdictions previously applied a common-law rule to the same effect. For example, in the 1979 California case of Cobb v. Superior Court, 99 Cal. App.3d 543, 550, 160 Cal.Rptr. 561 (1979), the court held that, "the trial court should consider the advisability of requiring a *prima facie* showing into the right to punitive damages . . ." "We do not hold that such a showing is required in each instance where punitive damages are sought, but the trial judge should have this alternative available where suitable to the circumstances."

The *prima facie* showing requirement is a reasonable and balanced approach to the wealth discovery problem. For reasons stated below, Defendant maintains that this approach is particularly appropriate with respect to the instant case.

### C. The *Prima Facie* Showing Requirement Is Particularly Appropriate in an Automobile Accident Case Such as the Instant One

A *prima facie* showing is particularly necessary and proper in a case of the type *sub judice*. This is a simple automobile accident case. "The law does not favor the imposition of punitive damages. They should only be allowed in the clearest of cases." Woolstrum v. Mailloux, 141 Cal.App.3d Supp. 1, 9, 190 Cal.Rptr. 729, 734 (Cal. Super.1983). Punitive damages are not to be awarded in "garden variety" negligence cases. *Id.* Yet the instant case is in fact no more than a garden-variety automobile accident claim.

6

This action is not one in which fraud, oppression or malice is an element of the tort alleged. Neither is there any allegation or evidence showing willful impairment (intoxication) or other wanton disregard for safety. The only material allegation is that the Defendant might have been inattentive (lighting a cigarette) at the time of the accident. *Complaint*, 7. Inattentiveness does not rise to the *Restatement* standard justifying punitive damages. Furthermore, any allegation of reckless disregard defies reason in the instant case because the Defendant was himself fully within the zone of danger at all relevant times.

Aside from conclusory assertions, the Complaint offers not a clue as to why punitive damages should be awarded in this case. Accordingly, it is entirely appropriate to require some showing of liability for punitive damages before requiring Defendant to submit to discovery involving his financial condition.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court issue a Protective Order to protect the Defendant from divulging his financial condition unless and until Plaintiff makes a *prima facie* showing he is entitled to punitive damages.

Respectfully submitted this 16th day of May, 2008.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendant Robert Marc Weinberg

By _____
RANDALL TODD THOMPSON (F0158)

P085043.RTT.wpd